DAVIS, APPELLEE, *v.* WILKERSON, APPELLANT, ET AL.

(No. 12317 — Decided March 19, 1986.)

*Terrance J. Steel,* for appellee.
*L. A. Dirker,* for appellant.

QUILLIN, J. The trial court awarded judgment to appellee, Kathy Davis, for providing necessaries to appellant's two minor children. Because the trial court failed to substantially comply with Civ. R. 52, we vacate the judgment and remand for the preparation of written findings of fact and conclusions of law.

This cause was heard on appellee's allegation that she furnished necessaries to appellant's two minor children. The case was tried to the court. At the conclusion of the trial, the court orally ruled against appellant. Appellant then filed a request for findings of fact and conclusions of law pursuant to Civ. R. 52. The trial court overruled appellant's motion, holding that "[a]t the conclusion of the trial * * * the court read into the record all of its findings of fact and conclusions of law before rendering judgment * * *. Therefore the request * * * is a waste of time and effort. Rule 52 has been complied with." Appellant assigns this as error.

Assignment of Error No. 6

"The trial court committed prejudicial error in overruling defendant-appellant's request for a written finding of fact found separately from conclusion of law."

Civ. R. 52 provides in pertinent part:

"When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, *in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.*" (Emphasis added.)

The purpose of separately stated findings of fact and conclusions of law is to enable a reviewing court to determine the existence of assigned error. *Orlow* v. *Vilas* (1971), 28 Ohio App. 2d 57, 59 [57 O.O.2d 106]; *Ramirez* v. *Hofheinz* (C.A. 5, 1980), 619 F. 2d 442, 445.

If the court's ruling or memorandum opinion, together with other parts of the trial court's record, provides an adequate basis upon which to decide the legal issues presented, there is substantial compliance with Civ. R. 52. *Stone* v. *Davis* (1981), 66 Ohio St. 2d 74, 84-85 [20 O.O.3d 64], certiorari denied (1981), 454 U.S. 1081. In such cases, the failure of the trial court to make findings of fact and conclusions of law constitutes harmless error.

However, the failure to comply with a timely request to make findings of fact and conclusions of law is prejudicial error where the reviewing court must weigh the evidence in determining prejudice to the appellant. Cf. *St. Paul Fire & Marine Ins. Co.* v. *Battle* (1975), 44 Ohio App. 2d 261 [73 O.O.2d 291], paragraph one of the syllabus; *Cleveland Produce Co.* v. *Dennert* (1922), 104 Ohio St. 149.

In the instant case, the trial court's written ruling provides no basis upon which to decide appellant's assigned errors. This court is being asked to weigh the evidence in the court below. The only portion of the record lending any guidance to this court is the transcription of comments given by the trial court from the bench. This does not comply with Civ. R. 52 which requires the findings to be stated in writing. We note that Fed. R. Civ. P. 52(a) was amended in 1983 to provide that findings of fact and conclusions of law stated orally and recorded in open court following the close of the evidence are sufficient to comply with the rule. Ohio Civ. R. 52 has no such provision and, indeed, requires the findings to be stated "in writing."

The sixth assignment of error is well-taken.

\* \* \*

Because the sixth assignment of error is well-taken, we do not have an adequate basis upon which to decide appel-

lant's remaining assignments of error. Therefore, we vacate the judgment and remand the case to the trial court with instructions to make written findings of fact and conclusions of law and to enter judgment consistent with its findings of fact and conclusions of law.

*Judgment accordingly.*

MAHONEY, P.J., and BAIRD, J., concur.