OPINION
Defendant-appellant, Diane Sherwin fna Marcum, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, terminating a prior shared parenting plan and naming plaintiff-appellee, Kenneth F. Marcum, residential parent of their daughter, Rachel Marcum. We affirm.
On August 16, 1995, appellant and appellee were granted a decree of dissolution by the Superior Court of Delaware County, Indiana. They had one child, Rachel, born April 14, 1993. Under the decree, the parties had joint custody of Rachel, with appellee being the residential parent and appellant having extended summer visitation. Appellant later moved to Oxford, Butler County, Ohio, and appellee moved to Lebanon, Warren County, Ohio. The Butler County Court of Common Pleas, Domestic Relations Division, subsequently modified the custody arrangement and entered a shared parenting plan on August 19, 1997. Under the new plan, appellant had custody of Rachel from 7:00 p.m., Tuesday, to 9:00 a.m., Saturday, of every week, and appellee had custody the remainder of the week.
On January 6, 1998, appellant filed a motion to modify the shared parenting plan with regard to Rachel's medical needs. On May 20, 1998, appellee filed a motion to terminate the shared parenting plan and have himself declared the residential parent. On June 1, 1998, a magistrate's hearing was held on the motions, at which both parties presented substantial evidence concerning who would be the better residential parent. On June 8, 1998, the magistrate's report was filed, recommending that the shared parenting plan be terminated and that appellee should be named residential parent, with substantial visitation given to appellant.
The magistrate's report detailed the evidence presented at the hearing. Appellant is employed as the assistant manager at Wildberry, a novelty shop in Oxford. This store sells a variety of glass tubes and smoking paraphernalia. Her job provides medical insurance, but no retirement plan. In 1997, appellant was living with her then-boyfriend, Cliff Falconi. In October 1997, appellant and Falconi separated, apparently due to his failure to financially contribute to the relationship. Two weeks after appellant's separation with Falconi, Rachel made allegations that Falconi had molested her. A complaint was filed, and the subsequent investigation by the Butler County Children's Services Board found the claim to be unsubstantiated.
Appellee remarried in March 1996. Appellee's current wife, Carolyn, has three daughters by a former marriage. Appellee is employed by Delphi Chassis in Dayton, Ohio, earning approximately $60,000 per year. Appellee's job keeps him out of the home from 5:30 a.m. to 3:30 p.m. Monday through Friday, plus any overtime which he may work. During this time, Carolyn stays at home to care for the children. During the investigation of the alleged abuse of Rachel by Falconi, Rachel alleged that J.J., Carolyn's eldest child, sexually abused her. A subsequent investigation by the Warren County Children's Services Board found the claim unsubstantiated.
There was substantial conflict in the testimony concerning how the parties cared for Rachel, as well as her interaction with other children. When Rachel was eight weeks old, she was diagnosed with chronic constipation, a condition treated by twice-daily doses of a liquid medication. The parties disagree as to her medical progress. Appellant claims that she is doing well, and that whenever Rachel is with her, there are no signs of abnormal bowel conditions. Appellee, on the other hand, claims that Rachel continues to be constipated because appellant is not properly administering the medicine. Appellee asserts that when Rachel is returned to him on Saturdays, she is constipated, and that her condition improves in the time with him, only to again deteriorate after Rachel returns to appellant.
The parties also contested Rachel's behavior in their households. Appellant contends that Rachel is a good-natured and well-mannered child who displays few, if any, aggressive tendencies. Appellant's testimony was supported by appellant's mother and by Carrie Morris, appellant's day care provider. Morris testified that she does not have any problems with Rachel, although she admits that Rachel is becoming an increasingly unhappy and negative child.
Appellee's description of Rachel's behavior is markedly different. Appellee and Carolyn both claim that Rachel is aggressive and hostile when in their care, often refusing to follow the rules of the house. Rachel also tends to be violent towards Carolyn's children. Rachel's behavior has created tension between appellee and Carolyn, but they wish to remain together and have Rachel in their primary care.
There are also personal conflicts between the parties. Appellant admitted to an intense dislike of appellee, mostly due to her belief that their marriage failed because of appellee's past drug use. Appellee is skeptical about appellant's ability to care for Rachel. Appellee believes that Rachel may have been abused by Falconi, and he questions whether appellant has refrained from using drugs, primarily marijuana. Appellant failed her first ordered drug screen, although she has passed two tests since that time. Additionally, Rachel has been allowed into areas of Wildberry reserved for customers over eighteen years of age.
Appellee is disturbed by Rachel's use of the terms "penis" and "vagina." He is also concerned because Rachel claims to have seen appellant and Falconi engaged in sexual acts, something which scared her at the time. Appellant and Falconi deny these accusations. Appellee is also concerned because Rachel claimed to have witnessed appellant and Falconi in fights, and that appellant forced her to recant her accusations of abuse by Falconi.
Rachel has been in counseling for some time. Appellant arranged to have her see a psychologist in Oxford. Appellee later changed these arrangements, and Rachel now sees a psychologist closer to his home and who is within his medical plan group. During the Children's Services investigations of alleged abuse, Rachel was examined by a psychologist at the Children's Diagnostic Center ("CDC"). The subsequent report recommended further psychological treatment for Rachel.
Both Rachel's current psychologist and the CDC psychologist recommend that Rachel have consistent rules and routines in the two households. Apparently, appellant has been far more lax with Rachel, allowing Rachel to stay up late, not imposing as many rules limiting Rachel's conduct, and allowing Rachel to sleep with her. As a result, appellant has been working with Rachel's current psychologist to change her routines with Rachel and impose stricter rules. Nonetheless, the psychologist doubts the sincerity of appellant's efforts. The psychologist believes that the structured environment of appellee's household would be more suitable for Rachel.
The testimony of both parties demonstrated that they both love Rachel and are concerned about her well-being. Likewise, neither party seeks to interfere with Rachel's relationship with the other party. Both parties seek to help Rachel overcome her behavior problems and medical condition.
Upon the filing of the magistrate's report on June 8, 1998, appellant timely filed objections with the trial court. Appellant contended that the magistrate's recommendation was against the weight of the evidence and inconsistent with the testimony presented, and that it was not in Rachel's best interest. On August 29, 1998, the trial court filed its entry affirming the magistrate's report. The trial court found that the magistrate's report was consistent with the evidence presented, and that it was in Rachel's best interest to have appellee as her residential parent so that she may be enrolled in the local school district. Appellant appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT GRANTED RESIDENTIAL PARENT STATUS TO KEN MARCUM.
First Issue Presented For Review:
 WHEN A TRIAL COURT ISSUES FINDINGS OF FACT, THOSE FINDINGS MUST CONTAIN A DECLARATION OF THE ULTIMATE FACTS IN THE CASE AND MUST RESOLVE THE CONFLICTING EVIDENCE AND TESTIMONY. A SIMPLE RECITATION OF THE FACTS OR SUMMARY OF THE EVIDENCE IS INSUFFICIENT TO COMPLY WITH OHIO R. CIV. P. 52 [SIC].
 In her first issue in the assignment of error, appellant contends that the magistrate's report failed to include ultimate findings of fact or resolve conflicts in the evidence. Appellant argues that the trial court should not have affirmed the magistrate's report when it failed to include sufficient findings as required by Civ.R. 52.
"The purpose of separately stated findings of fact and conclusions of law is to enable a reviewing court to determine the existence of assigned error." Abney v. Western Res. Mut. Cas. Co. (1991), 76 Ohio App.3d 424,431, citing Davis v. Wilkerson (1986), 29 Ohio App.3d 100, 101. "If court's ruling or opinion, together with other parts of the trial court's record, provides an adequate basis upon which an appellate court can decide the legal issues presented, there is substantial compliance with Civ.R. 52."Abney, 76 Ohio App.3d at 431.
In the instant case, the magistrate detailed the substantial evidence presented by the parties, as well as the conflicts in the evidence which had to be resolved. The magistrate also set forth the results which would be reached if one party's evidence was believed over that of the other. The magistrate then rendered a decision naming appellee residential parent of Rachel.
We find that the findings of fact and conclusions of law were sufficient to provide an adequate basis for this court to decide the issues presented. The magistrate noted that the parties presented very different versions of how Rachel interacted with them and others. The magistrate also summarized the psychological testimony presented, as well as the final opinions of the psychologists. In giving custody to appellee, it is clear that the magistrate believed that, regardless of which testimony is believed concerning Rachel's interactions with others, her best interests are served by having appellee be residential parent.
We find that the trial court did not err in adopting the recommendation of the magistrate as it was presented. Accordingly, appellant's first issue for review is overruled.
Second Issue Presented For Review:
 A DOMESTIC RELATIONS COURT ACTS ERRONEOUSLY WHEN IT NAMES A FATHER TO BE RESIDENTIAL PARENT OF HIS FIVE-YEAR-OLD DAUGHTER WHEN THE FATHER'S OWN EVIDENCE CLEARLY AND UNAMBIGUOUSLY DEMONSTRATES THAT THE CHILD HAS MENTAL, EMOTIONAL, AND PHYSICAL PROBLEMS IN HIS HOUSEHOLD, AND THAT THE CHILD HAS A GREAT DEAL OF DIFFICULTY IN ADJUSTING TO THAT HOUSEHOLD, WHEREAS THE CHILD HAS NO SUCH PROBLEMS WHATSOEVER IN HER MOTHER'S HOME.
 In her second issue presented for review, appellant contends that the trial court's decision was against the manifest weight of the evidence. Appellant asserts that the evidence presented clearly weighed in favor of granting legal custody of Rachel to her.
A trial court's decision concerning custody cannot be reversed by a reviewing court absent an abuse of discretion. Miller v. Miller (1988),37 Ohio St.3d 71, 74. An abuse of discretion implies an attitude of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. "A decision is unreasonable if there is no sound reasoning process that would support that decision."AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.
(1990), 50 Ohio St.3d 157, 161.
In determining whether a decision is against the manifest weight of the evidence, judgments that are supported by some competent, credible evidence going to all of the essential elements of a case, will not be reversed by a reviewing court. C. E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, 280. When resolving a manifest weight of the evidence claim, the function of an appellate court is not to weigh the evidence and pass upon its sufficiency, Betsy Ross Foods, Inc. v. Akron, Canton Youngstown Railway Co. (1983), 13 Ohio App.3d 145, 147, nor should the reviewing court usurp the function of the trier of fact by substituting its judgment for that reached by the trier of fact. The appellate court's limited role is to ascertain whether competent, credible evidence supports the judgment.
Although conflicting testimony was presented, there was credible evidence to support the trial court's decision. There were questions raised as to which parent was best caring for Rachel's medical needs, and it was established that appellee was responsible for the majority of Rachel's treatments at this time. There was extensive psychological evidence presented as to Rachel's developmental needs. Specifically, it was determined that Rachel needed a structured, stable household with enforced rules, something she was receiving more often in appellee's household.
Although there was evidence that Rachel acted aggressively while in appellee's care, a fact that appellee admitted and was concerned about, it is clear that the trial court believed that Rachel's best interests were served in that household. Appellee's wife testified that many of the problems Rachel displays are due to her not wanting to follow the household rules. There was also evidence that appellant did not provide the stability and discipline which Rachel presently requires.
Appellant also claims that she is the parent most likely to honor and facilitate visitation and companionship rights. The evidence did tend to establish that appellant has allowed and intends to continue to allow Rachel to have a strong bond with appellee. But appellant did not show that appellee's concerns about Rachel's well-being and health would lead him to prevent Rachel from maintaining her bond with appellant. The trial court could reasonably have found that appellee would honor and facilitate visitation and companionship rights, regardless of his concerns about appellant's household.
We find that the trial court did not err in adopting the magistrate's recommendation, and the trial court's decision was not against the weight of the evidence. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.