OPINION
This matter presents a timely appeal from a judgment rendered by the Columbiana County Common Pleas Court, granting the motion for summary judgment filed by plaintiff-appellee, State of Ohio, thereby finding against defendant-appellant, John Sowards and awarding forfeiture of the property in question to appellee pursuant to R.C. 2925.43.
At the outset, it is noted that plaintiff-appellee, State of Ohio, has failed to file a brief in this matter. Therefore, pursuant to App.R. 18 (C), this court is authorized to accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably appears to sustain such action.
On or about March 7, 1994, appellant was arrested and charged with four counts of drug trafficking. A search warrant was issued for appellant's premises and as a result of such search, officials recovered growing equipment, marijuana and $5,558.00. Appellant's trial began on September 19, 1994 and concluded on September 20, 1994, when appellant was found guilty on all four counts set forth in the indictment. Appellant appealed his conviction and on June 6, 1996, this court reversed and remanded this matter to the trial court for further proceedings. State v. Sowards (June 6, 1996), Columbiana App. No. 94-C-70, unreported. Appellant subsequently entered into plea negotiations whereby he agreed to complete the sentence on his original conviction on the four counts of drug trafficking.
On January 31, 1997, pursuant to R.C. 2925.43, appellee filed a complaint for forfeiture of appellant's property obtained through the search warrant. As part of the forfeiture proceedings under R.C. 2925.43, appellee sent notice to appellant's former residence. However, appellant was in jail at the time such notice was served and therefore, did not actually receive same. Appellee also published notice of the proceedings for two consecutive weeks in a newspaper of general circulation in the county where the subject property was located. Appellant did not respond to appellee's complaint and appellee thereafter moved for default judgment pursuant to Civ.R. 55 (A), which the trial court granted. Appellant thereafter filed a motion for relief from judgment under Civ.R. 60 (B), and the trial court granted such motion finding that appellant was not properly served notice.
Appellant subsequently filed a motion to dismiss appellee's petition for forfeiture, but the trial court denied same on November 25, 1997. On December 2, 1997, pursuant to Civ.R. 56, appellee filed a motion for summary judgment on its forfeiture complaint. The trial court granted same on January 9, 1998, causing appellant's property to be forfeited to appellee. This appeal followed.
Appellant sets forth two assignments of error on appeal.
Appellant's first assignment of error alleges:
 "The Court of Common Pleas lost jurisdiction of any forfeiture action against said evidence on January 21st 1994."
Appellant sets forth many broad assertions under this assignment of error. Appellant states that the forfeited property was seized pursuant to a search warrant and was used as evidence during his criminal trial for drug trafficking. Appellant argues that the trial court lost jurisdiction of the forfeiture proceeding when it classified such property as evidence. In support of his contention, appellant argues that R.C. 2925.41 (B) defines "property" as it is used in R.C. 2925.43, and this definition does not include property used as evidence. Appellant further argues that R.C. 2925.44 provides for disposal of forfeited property and using such property as evidence is not included in the disposal options. Finally, appellant maintains that the time limitations of R.C. 2933.43 applied in this case, and the trial court erred in permitting appellee to proceed with the forfeiture action because such action was not brought within thirty days of seizure.
The trial court granted appellee's motion for summary judgment in the forfeiture proceeding. Summary judgment is governed by Civ.R. 56 (C), and in Welco Industries, Inc. v. Applied Companies
(1993), 67 Ohio St.3d 344, 346, the Ohio Supreme Court discussed the standard for granting summary judgment, stating:
 "Under Civ.R. 56, summary judgment is proper when `(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' (Citation omitted). Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. (Citation omitted)."
Additionally, the Ohio Supreme Court in Dresher v. Burt (1996),75 Ohio St.3d 280, held that a moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56 (C) which affirmatively demonstrates that the nonmoving party has no evidence to support its claims. The Ohio Supreme Court, inDresher, supra, further held that once the moving party has met its initial burden, the nonmoving party must then produce any evidence for which such party bears the burden of production at trial. In reviewing a trial court's decision to grant summary judgment, a court of appeals must conduct a de novo review of the record. Renner v. Derin Acquisition Corp. (1996), 111 Ohio App.3d 326.
Appellee filed its complaint for forfeiture pursuant to R.C. 2925.43, which states, in pertinent part:
"2925.43 Civil forfeiture of property
 "(A) The following property is subject to forfeiture to the state in a civil action as described in division (E) of this section, and no person has any right, title, or interest in the following property:
 "(1) Any property that constitutes, or is derived directly or indirectly from, and any proceeds that a person obtained directly or indirectly from the commission of an act that, upon the filing of an indictment, complaint, or information, could be prosecuted as a felony drug abuse offense or that, upon the filing of a complaint, could be the basis for finding a juvenile to be a delinquent child for committing an act that, if committed by an adult, would be a felony drug abuse offense;
"* * *
 "(B) (1) All right, title, and interest in property described in division (A) of this section shall vest in the state upon the commission of the act giving rise to a civil forfeiture under this section.
 "(2) The provisions of section 2933.43 of the Revised Code relating to the procedures for the forfeiture of contraband do not apply to a civil action to obtain a civil forfeiture under this section.
"* * *
 "(C) (1) Any property that is subject to civil forfeiture under this section may be seized by a law enforcement officer upon process, or a warrant as described in division (C) (2) of this section, issued by a court of common pleas that has jurisdiction over the property. Additionally, a seizure of the property, without process or a warrant being so issued, may be made by a law enforcement officer when any of the following applies:
 "(a) The seizure is incident to an arrest, a search under a search warrant, a lawful search without a search warrant, or an inspection under an administrative inspection warrant.
"* * *
 "(E) (1) The prosecuting attorney of the county in which property described in division (A) of this section is located may commence a civil action to obtain a civil forfeiture under this section by filing, in the court of common pleas of that county, a complaint that requests the issuance of an order of civil forfeiture of the property to the state. Notices of the action shall be served and published in accordance with division (E) (2) of this section.
 "(2) Prior to or simultaneously with the commencement of the civil action as described in division (E) (1) of this section, the prosecuting attorney shall conduct or cause to be conducted a search of the appropriate public records that relate to the property subject to civil forfeiture, and make or cause to be made reasonably diligent inquiries, for the purpose of identifying persons who have any right, title, or interest in the property. The prosecuting attorney then shall cause a notice of the commencement of the civil action, together with a copy of the complaint filed in it, to be given to each person who is known, because of the conduct of the search, the making of the inquiries, or otherwise, to have any right, title, or interest in the property, by certified mail, return receipt requested, or by personal service. Additionally, the prosecuting attorney shall cause a similar notice to be published once a week for two consecutive weeks in a newspaper of general circulation in the county in which the property is located." (Emphasis added).
R.C. 2925.43 expressly states that the provisions of R.C. 2933.43 do not apply. Therefore, the thirty day time limitation of R.C. 2933.43 did not apply and the trial court did not err in permitting appellee to continue with the forfeiture proceeding.
Appellee attached the deposition of Sgt. John T. Panezott to its motion for summary judgment. Mr. Panezott stated that the property subject to the forfeiture proceeding was obtained from the commission of a felony drug offense. Additionally, nothing in R.C. 2925.43 prohibits a proceeding of forfeiture of property when such property was used as evidence in a criminal trial. In the present matter, the property was obtained through a search warrant, which is expressly permitted under R.C. 2925.43 (C)(1)(a). Appellee filed the complaint of forfeiture after appellant's criminal trial, so it was not attempting to use the forfeited property as evidence against appellant. After the trial court set aside the default judgment, appellee provided the requisite notice under R.C. 2925.43 (E) (2) when it served personal notice to appellant and also published a similar notice for two consecutive weeks in a newspaper of general circulation in the county where the property was located. Therefore, appellee met its burden in demonstrating that appellant had no evidence to support his position that the property should not be forfeited. Dresher, supra. Furthermore, the trial court ensured that appellant was aware of the forfeiture proceeding by granting appellant's motion for relief of judgment.
Since appellee met its burden under Dresher, supra, the burden then shifted to appellant to produce evidence which would have been admissible at trial to demonstrate that the property should not have been forfeited. Appellant did not offer any other evidence demonstrating that forfeiture of the subject property should not occur. Therefore, the trial court correctly granted appellee's motion for summary judgment as there were no genuine issues of material fact and reasonable minds could only conclude that appellee was entitled to judgment as a matter of law.Welco, supra.
Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "The Court of Common Pleas refused to give it's (sic)
findings of fact and conclusion of law with it's (sic) decision of 97-CIV-241."
Findings of fact and conclusions of law are governed by Civ.R. 52, which states in pertinent part:
"Rule 52. FINDINGS BY THE COURT
 "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.
"* * *."
In the present matter, appellant filed a motion to dismiss on October 20, 1997. In his motion to dismiss, appellant essentially argued that appellee was precluded from bringing its forfeiture complaint because it did not initiate the action within the thirty day time limitation under R.C. 2933.43. The trial court dismissed this motion on November 25, 1997. Appellant did not file his motion for findings of fact and conclusions of law regarding this motion until January 20, 1998. Therefore, his request was not within the time limits of Civ.R. 52.
Furthermore, a trial court is not required to make findings of fact and conclusions of law when it does not assume the role of the fact-finder. Paramount Supply Co. v. Sherlin Corp. (1984),16 Ohio App.3d 176. In Davis v. Wilkerson (1986), 29 Ohio App.3d 100, the court held that a trial court substantially complies with Civ.R. 52 if its opinion together with other parts of the record provide an adequate basis upon which to decide the legal issues and does not constitute reversible error. In the case at bar, appellant's motion to dismiss relied upon the applicability of R.C. 2933.43 to the present matter. Appellee argued in its opposition to appellant's motion to dismiss that R.C. 2933.43
did not apply in this case. The trial court agreed with appellee's contention and denied appellant's motion to dismiss based upon the inapplicability of R.C. 2933.43. The trial court's decision was based upon its interpretation of the law and not upon any findings of fact. The trial court thus did not assume the role of the fact-finder.
Moreover, this judgment entry, together with appellant's motion to dismiss and appellee's memorandum in opposition to appellant's motion to dismiss, provided an adequate basis for the trial court's decision. Even if we found that the trial court was required to issue findings of fact and conclusions of law pursuant to Civ.R. 52, it substantially complied with the rule. Davis, supra. Therefore, the trial court did not commit reversible error in failing to provide findings of fact and conclusions of law.
Appellant's second assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
DONOFRIO, J., concurs.
WAITE, J., concurs.
APPROVED:
 ___________________________________ EDWARD A. COX, PRESIDING JUDGE