OPINION
Plaintiff-appellant Robert Kennedy appeals the March 9, 2001 Judgment Entry of the Tuscarawas County Court of Common Pleas, which granted judgment in favor of defendant-appellee Kareen E. Conrad, Executrix of the Estate of Ella Louise Krantz, following a bench trial. Appellant also appeals the trial court's two May 7, 2001 Judgment Entries, one which denied his Motion for a New Trial, and the other which denied his Civ. R. 52 Motion for Additional Findings of Fact and Conclusions of Law.
 STATEMENT OF THE FACTS AND CASE
On September 28, 1999, appellant filed a complaint in the Tuscarawas County Court of Common Pleas, seeking monies due for his performance of services for Ella Louise Krantz ("decedent"), who passed away in July, 1999. Appellant asserted he had performed certain duties relative to decedent's farm, which is located near Kimbleton, Ohio, commencing in 1993, and continuing through March, 1999. Appellant filed the complaint after he submitted two claims to decedent's estate and both claims were rejected. The matter proceeded to bench trial on October 24 and 25, 2000.
During trial, appellant testified he was traveling by decedent's farm one day in 1993, when he observed decedent and Mr. Theodore Krantz, her husband, undertaking the farm work. Appellant approached decedent and Mr. Krantz, who informed him they needed somebody, on a permanent basis, to oversee the farm because the tenants, who agreed to perform the farm duties as part of their rental agreement, failed to do so. Appellant stated, at the time, he and decedent entered into an oral agreement whereby decedent agreed to pay him $300 a month in exchange for his care and oversight of the farm. Appellant described his duties, which included bailing hay for the cattle, purchasing additional hay when necessary, and feeding and caring for the cattle. Appellant stated although decedent fell behind on her payments to him, decedent advised him she would settle the debt with him after she sold the farm. Decedent died shortly thereafter.
Theodore Krantz, decedent's husband, testified on appellant's behalf. Krantz explained he and decedent were having trouble with renters on the farm who did not perform the services which were a required part of their tenancies. Krantz recalled he and decedent were at the farm one day when appellant approached them. After some conversation, decedent hired appellant to look after the farm. Krantz could not recall the amount of money upon which decedent and appellant agreed. Krantz described appellant's work on the farm as "remarkable." Krantz stated he and decedent visited the farm almost every weekend, and he would see appellant working on the farm. Krantz admitted the amount of money appellant claimed is owed to him was reasonable for the work he performed on the farm.
Terry Bister testified he assisted appellant with the care and maintenance of the cattle at decedent's farm. Bister testified when he was at the farm assisting appellant, appellant was the only person he saw.
Sandra Johnson, appellant's live-in girlfriend, testified appellant frequently came home from work at 10:30 p.m. and immediately proceeded to decedent's farm because a cow was loose. Johnson testified she personally observed appellant working on the farm on at least a half dozen occasions.
On cross-examination, appellee testified she knew two different tenants on the farm between 1993, and 1999. She explained one of the tenants paid the full rental amount and did not contract to take care of the farm. Another tenant, who had lived on the property for four years, had contracted to do so. Appellee testified she had never heard of appellant prior to decedent's passing.
Following the presentation of evidence, the trial court ordered the parties to submit proposed findings of fact and conclusions of law. Via Judgment Entry dated March 4, 2001, the trial court, adopting appellee's findings of fact and conclusions of law, rendered judgment in favor of appellee. Thereafter, appellant filed a Civ. R. 52 Motion for Additional Findings of Fact and Conclusions of Law. Appellant also filed a Motion for a New Trial. In separate Judgment Entries dated May 7, 2001, the trial court denied both motions.
It is from the March 9, 2001 and both May 7, 2001 Judgment Entries appellant appeals, raising the following assignments of error:
 THE COURT ERRED IN FAILING TO ADEQUATELY RESPOND TO APPELLANT'S REQUEST FOR SPECIFIC FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO THE BASIS FOR DISMISSAL.
 A PAROL CONTRACT FOR PERFORMING SERVICES ON A FARM BY A NON-RELATIVE IS NOT WITHIN THE STATUTE OF FRAUDS.
 THE JUDGMENT OF DISMISSAL OF CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 PREJUDGMENT INTEREST IS AWARDED FROM THE TIME THE AMOUNT AT ISSUE BECOMES DUE AND PAYABLE.
 I
Herein, appellant maintains the trial court erred in failing to adequately respond to his request for specific findings of fact and conclusions of law to support its dismissal of appellant's complaint.
Civ. R. 52 provides:
 When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law. * * *
The purpose of separately stated findings of fact and conclusions of law is to enable a reviewing court to determine the existence of assigned error.[1] If the court's ruling or opinion, together with other parts of the trial court's record, provides an adequate basis upon which an appellate court can decide the legal issues presented, there is such substantial compliance with Civ. R. 52.[2]
Although labeled "Findings of Fact," we find the trial court did not make findings, but merely restated the testimony presented. The court did not indicate which witnesses it found credible or incredible. Additionally, the trial court did not set forth conclusions of law, but merely statements of the applicable law, which follow:
 1. A creditor having a claim against an estate shall present his/her claim in one of the following methods: * * *
 2. All claims of creditors against an estate shall be presented within one (1) year after the death of the decedent, * * *
 3. In the absence of any prior demand for allowance, the executor or administrator shall allow or reject all claims, except tax assessment claims, within thirty (30) days after their presentation * * *
 4. An executor or administrator shall reject a creditor's claim against the estate he represents by giving the claimant written notice of the disallowance thereof. R.C. 2117.11.
 5. A claim rejected if the executor or administrator, on demand in writing by the claimant for an allowance thereof, * * * to give the claimant, within such period, a written statement of the allowance of such claim. R.C. 2117.11.
 6. When a claim against an estate has been rejected in whole or in part * * * claimant must commence an action on the claim, or that part thereof rejected, within two (2) months after such rejection * * *
 7. No action shall be brought whereby to charge the Defendant * * * upon an agreement that is not to be performed within one (1) year from the making thereof unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunder by him or her lawfully authorized. R.C. 1335.05.
 8. A contract for personal services which by its terms are to be rendered for a stated period longer than one (1) year is within the provision of the Statute of Frauds requiring contracts not to be performed within one (1) year to be in writing * * *
 9. An alleged oral contract is unenforceable pursuant to the Statute of Frauds contained in R.C. 1335.05 where the agreement is not to be fully performed within a one (1) year period. * * *
 10. A promise which is not likely to be performed within a year, and which is in fact not performed within one year, is still not within the Statute of Frauds if at the time the contract is made, there is a possibility in law and in fact that full performance such as the parties intended may be completed before the expiration of a year * * *
 11. If an agreement may be terminated or completed within a year upon the happening of some contingency, it is not covered by the statute of frauds.
 12. To constitute a valid contract, there must be the following: parties capable of contracting, a lawful subject matter, a sufficient consideration, a meting of the minds of the parties, an actual agreement between the parties to do or to forebear doing the thing proposed in the agreement, and in compliance with the law and respect to any formal requisites which may pertain to the contract * * *[3]
We find neither the findings of fact nor the aforequoted conclusions of law provide this Court with an adequate basis upon which to decide the legal issues presented. The trial court did not state whether it found an oral contract existed between appellant and decedent, nor did it set forth its rational for finding in favor of appellee, i.e., its legal conclusions. As such, we vacate the trial court's judgment and remand the matter for the trial court to supplement the findings of facts and conclusions of law and then reenter judgment in accord thereto.
Appellant's first assignment of error is sustained.
 II, III, IV
In light of our disposition of appellant's first assignment of error, we find appellant's second, third, and fourth assignments of error to be premature.
The judgment of the Tuscarawas County Court of Common Pleas is vacated and the matter is remanded for further proceedings consistent with this opinion and the law.
HOFFMAN, P.J., WISE, J. concur FARMER, J. dissents.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is vacated and the matter remanded for further proceedings consistent with our opinion and the law. Costs assessed to appellee.
[1] Davis v. Wilkerson (1986), 29 Ohio App.3d 100, 101.
[2] Stone v. Davis (1981), 66 Ohio St.2d 74, 84-85, certiorari denied (1981), 454 U.S. 1081, 102 S.Ct. 634, 70 L.Ed.2d 614; Davis v.Wilkerson, supra, 29 Ohio App.3d at 101.
[3] March 9, 2001 Judgment Entry at 4-7.