OPINION
{¶ 1} Defendant-appellant, David Park ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which denied his motion to revise the judgment and decree of divorce entered on January 4, 2007. For the following reasons, we affirm that judgment.
 {¶ 2} The following facts are germane to this appeal. On November 29, 2004, plaintiff-appellee, Carolyn A. Park ("appellee"), filed a complaint for divorce and included *Page 2 
appellant's daughter and son-in-law, Victoria and Gary Foutch, as named defendants ("Foutch defendants"). The reason for their inclusion, according to the complaint, was that the Foutch defendants were "holding real estate in their names purchased with marital funds, to wit: the marital real estate located and known as 437 Shell Court East, Columbus, Ohio 43213." (Complaint at paragraph 6.) A three-day trial was held in March 2006, and, on January 4, 2007, the trial court entered a judgment and decree of divorce. No party appealed that judgment.
 {¶ 3} On April 21, 2008, appellant filed a motion seeking to "revise" the judgment and decree of divorce on the basis that the trial court did not adjudicate the rights and liabilities of the Foutch defendants and requested the court hold a new hearing on the matter. The trial court denied appellant's motion, finding that appellant lacked standing to assert any rights on behalf of the Foutch defendants. The court further found that appellant's motion was the functional equivalent of a Civ. R. 60(B) motion, and, therefore, could not be used as a substitute for an untimely appeal. Appellant filed a timely appeal and assigns the following four errors:
 1. THE COURT BELOW ERRED IN REFUSING TO GRANT DEFENDANT'S MOTION TO REVISE THE PURPORTED DECREE OF DIVORCE ENTERED ON JANUARY 4, 2007.
 2. THE COURT BELOW ERRED IN FINDING THAT THE DEFENDANT DAVID PARK LACKED STANDING BEFORE THE COURT TO RAISE A C.R. 54 ISSUE.
 3. THE COURT BELOW ERRED IN FINDING THAT THE ENTRY OF JANUARY 4, 2007 WAS A FINAL APPEALABLE ORDER WHEN IN DIRECT CONTRAVENTION OF C.R. 54 THE ENTRY FAILED TO ADJUDICATE FEWER THAN ALL THE CLAIMS OR RIGHTS AND LIABILITIES OF ALL THE PARTIES, AND THE COURT MADE NO FINDING OR DETERMINATION THAT THERE WAS NO JUST REASON FOR DELAY. *Page 3 
 4. THE COURT BELOW ERRED IN FINDING THAT DEFENDANT DAVID PARK WAS ATTEMPTING TO USE A C.R. 54 MOTION TO REVISE THE JUDGMENT AS A SUBSTITUTE FOR A C.R. 60(B) MOTION.
 {¶ 4} We will address appellant's four assignments of error together as they are interrelated. The gravamen of appellant's argument is that because the trial court's judgment entered on January 4, 2007, did not determine the matter as to all parties and failed to include an express finding of no just cause for delay pursuant to Civ. R. 54, [1] the same was not a final appealable order. Thus, appellant contends that the trial court erred in denying his motion to "revise" the judgment.
 {¶ 5} We begin our analysis by determining whether the trial court's judgment entry dated January 4, 2007, was a final appealable order. To resolve whether a judgment is final, an appellate court must engage in a two-step analysis. General Acc. Ins. Co. v. Ins. Co. of N. Am. (1989),44 Ohio St.3d 17, 21. First, an appellate court must determine whether the order is final pursuant to the requirements of R.C. 2505.02. If an appellate court determines that the order complies with R.C. 2505.02 and is final, then an appellate court must decide whether Civ. R. 54(B) language is required. Id.
 {¶ 6} As relevant to our discussion, pursuant to R.C. 2505.02, a final order is one that "determines the action and prevents a judgment." In this case, a review of the judgment entry dated January 4, 2007, discloses that the trial court did, in fact, resolve the issue regarding the condominium (437 Shell Court East), which appellee alleged in *Page 4 
her complaint had been bought with marital funds and transferred by appellant to the Foutch defendants. (Jan. 4, 2007 Judgment Entry at 9-13.) Although the trial court's judgment entry did not expressly dismiss the Foutch defendants, the effect of the judgment makes clear that any claims against them were rendered moot. Wise v. Gursky (1981),66 Ohio St.2d 241, 243 (holding that "a judgment in an action which determines a claim in that action and has the effect of rendering moot all other claims in the action as to all other parties to the action is a final appealable order pursuant to R.C. 2505.02, and Civ. R. 54(B) is not applicable to such a judgment.") Thus, because the trial court determined the matter as to all the parties, including the Foutch defendants, we find the court's judgment entry dated January 4, 2007 was a final appealable order pursuant to R.C. 2505.02, and compliance with Civ. R. 54(B) was not required.
 {¶ 7} Given the foregoing, we agree with the trial court's determination that appellant was precluded from collaterally attacking a final judgment that he failed to directly appeal, as well as the court's finding that appellant lacked standing to challenge the same on behalf of the Foutch defendants. Accordingly, we do not find that the trial court erred in denying appellant's motion.
 {¶ 8} For all the above reasons, we overrule appellant's four assignments of error, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is hereby affirmed.
Judgment affirmed.
SADLER and KLINE, JJ., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.
[1] Civ. R. 54(B) provides, "[w]hen more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." *Page 1