[Cite as *Cochran v. Cincinnati*, 2013-Ohio-5138.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN COCHRAN, | : | APPEAL NO. C-130031 |
| | | TRIAL NO. A-1108535 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| CITY OF CINCINNATI, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| STEPHEN BUEHRER, ADMINISTRATOR, OHIO BUREAU OF WORKERS' COMPENSATION, | : | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: November 22, 2013

*Fox & Fox Co. L.P.A.*, *Bernard C. Fox*, *Jr.*, and *M. Christopher Kneflin*, for Plaintiff-Appellant,

*John P. Curp*, City Solicitor, and *Julie F. Bissinger*, Assistant City Solicitor, for Defendant-Appellee.

Please note: this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}     Plaintiff-appellant Kevin Cochran appeals the trial court's judgment, following a bench trial, determining that he is not entitled to participate in the workers' compensation fund for the additional condition of substantial aggravation of pre-existing left knee chondromalacia.

{¶2}     Cochran suffered an injury on December 21, 2010, while he was employed by the defendant-appellee city of Cincinnati.   He filed a workers' compensation claim that was allowed for a left knee contusion and a left knee medial meniscus tear.   Cochran then sought to participate for the additional condition of substantial aggravation of pre-existing left knee chondromalacia.  When his request was administratively denied, he filed an appeal in the common pleas court.

{¶3}     His case proceeded to a bench trial.  On December 12, 2012, at the conclusion of the trial, the court announced from the bench that it was ruling in favor of the city of Cincinnati and orally stated its findings of fact and conclusions of law. Cochran's counsel informed the court that he would be filing a written request for findings of fact and conclusions of law.  The trial court stated that it would provide its notes to the court reporter, who could type them up, as the trial court's findings of fact and conclusions of law.  On December 18, 2012, Cochran filed a request for findings of fact and conclusions of law pursuant to Civ.R. 52.  On December 19, 2012, the trial court filed its judgment entry denying Cochran the right to participate in the workers' compensation fund.

{¶4}     In three assignments of error, Cochran argues the trial court: (1) incorrectly applied the substantial aggravation standard set forth in this court's opinion in *Pflanz v. Pilkington Lof,* 1st Dist. Hamilton No. C-100574, 2011-Ohio-2670, (2) failed to issue written findings of fact and conclusions of law; and (3) rendered a judgment that

is against the manifest weight of the evidence. Because Cochran's second assignment of error is dispositive of his appeal, we address it first.

{¶5} In his second assignment of error, Cochran argues that the trial court erred by failing to issue written findings of fact and conclusions of law when he timely requested them pursuant to Civ.R. 52.

{¶6} Civ.R. 52 provides as follows:

When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

* * *

An opinion or memorandum of decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law stated separately shall be sufficient to satisfy the requirements of this rule and Rule 41(B)(2).

{¶7} The Ohio Supreme Court has held that when questions of fact are tried to a court without the intervention of a jury, the trial court has a mandatory duty under Civ.R. 52 to issue findings of fact and conclusions of law when a party timely requests them. *In re Adoption of Gibson*, 23 Ohio St.3d 170, 173, 492 N.E.2d 146 (1986). While the Ohio Supreme Court held in *Stone v. Davis*, 66 Ohio St.2d 74, 84, 419 N.E.2d 1094 (1981), that "factual findings and legal conclusions [set forth] in a well-written, carefully considered opinion" may satisfy the requirements of Civ.R.

52, it has explicitly rejected the notion that a "detailed decision from the bench which is included in the transcript of proceedings" can satisfy the requirements of the rule. *Gibson* at fn.3.

{¶8} Thus, the Supreme Court has specifically held that "a commentary from the bench, leading up to the pronouncement of a decision, is neither adequate to fulfill the requirements of Civ.R. 52, nor is it adequate to provide a disappointed party a solid basis on which to appeal." *Id.* at 173. This court has likewise held that Civ.R. 52 "requires a court to state in writing its findings of fact separately from its conclusions of law, and that [this] duty cannot be served by oral statements, even when they [are well organized, thoughtful and logical, and have] been accurately recorded as part of the transcript of the proceedings." *Gaddis v. Hayes*, 1st Dist. Hamilton Nos. C-840747 and C-840798, 1985 Ohio App. LEXIS 8650 (Sept. 4, 1985); *see also Davis v. Wilkerson*, 29 Ohio App.3d 100, 101, 503 N.E.2d 210 (9th Dist.1986); *compare Hanson v. Reiser*, 10th Dist. Franklin No. 98AP-1390, 1999 Ohio App. LEXIS 5256 (Nov. 8, 1999) (holding that Civ.R. 52 was satisfied where the trial court had appended a copy of the transcript of its decision from the bench to its written judgment entry).

{¶9} On December 12, 2012, the trial court, in denying Cochran's claim, orally stated its findings of fact and conclusions of law. Cochran's counsel informed the court that he would be filing a written request for findings of fact and conclusions of law. The trial court, acknowledging that its oral findings were insufficient to satisfy Civ.R. 52, stated that it would provide its notes to the court reporter, who could type them up as the trial court's findings of fact and conclusions of law.

{¶10} On December 18, 2012, Cochran filed a written request for findings of fact and conclusions of law. One day later, the trial court journalized its entry

determining that Cochran was not entitled to participate in the workers' compensation fund for the additional condition of substantial aggravation of pre-existing left knee chondromalacia. The trial court's entry, however, did not contain any legal analysis, let alone any written findings of fact or conclusions of law. *Compare State ex rel. Gilbert v. Cincinnati,* 125 Ohio St.3d 385, 2010-Ohio-1473, 928 N.E.2d 706,¶ 39 (holding that the contents of the court of appeals' judgment and opinion granting a writ of mandamus were sufficient to satisfy the requirements of Civ.R. 52). Thus, the only portion of the record, which would lend any guidance to this court, is the transcription of the comments given by the trial court from the bench. Given that the Ohio Supreme Court, however, has expressly held that these comments cannot satisfy Civ.R. 52, we must sustain Cochran's second assignment of error.

{¶11} In light of our disposition of Cochran's second assignment of error, we need not address his first and third assignments of error. We, therefore, reverse the judgment and remand this case to the trial court with instructions to make written findings of fact and conclusions of law, and to enter judgment consistent with those findings of fact and conclusions of law.

Judgment reversed and cause remanded.

**HENDON, P.J,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry this date.