[Cite as *State ex rel. Askin v. Browne*, 2014-Ohio-4830.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Linda Askin, | : | |
| Relator, | : | |
| v. | : | No. 14AP-443 |
| Judge Kim A. Browne, | : | (REGULAR CALENDAR) |
| Franklin County Common Pleas Court, Domestic Relations Division, | : | |
| Respondent. | : | |

---

D E C I S I O N

Rendered on October 30, 2014

---

*Linda Askin*, pro se.

*Ron O'Brien*, Prosecuting Attorney, and *A. Paul Thies*, for respondent.

---

IN PROCEDENDO
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BROWN, J.

{¶1} Relator, Linda Askin, has filed this original action requesting that this court issue a writ of procedendo ordering respondent, Judge Kim A. Browne, a judge of the Franklin County Court of Common Pleas Court, Domestic Relations Division, to provide her with findings of fact concerning the judgment entry/decree of divorce ("decree") filing in the underlying domestic relations action and further ordering respondent to comply with the December 20, 2013 judgment entry issued by this court in her appeal from the

underlying domestic relations action in *Askin v. Askin*, 10th Dist. No. 13AP-404, 2013-Ohio-5606 ("*Askin I*"). Respondent has filed a motion to dismiss.

{¶2} The writ of procedendo action was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the attached decision, including findings of fact and conclusions of law, and recommended that this court grant respondent's motion to dismiss. Relator has filed objections to that decision.

{¶3} Relator has also filed a motion to certify conflict, a motion for a definite statement whether respondent's decree, filed August 7, 2012, is a final appealable order, and a motion for a definite statement of whether this court has jurisdiction to consider respondent's decree. These motions are now before us for determination as well.

{¶4} In her decision, the magistrate concluded that relator's procedendo action should be dismissed because (1) the trial court fully complied with this court's December 20, 2013 judgment entry by setting a new hearing date regarding the motion for contempt and denying the motion seeking to find relator to be a vexatious litigator, and (2) relator continues to raise issues regarding the underlying divorce action and our prior decisions relating to the underlying divorce action.

{¶5} Relator presents the following four objections: (1) the magistrate's decision fails to address any of the jurisdictional issues raised in relator's complaint, (2) the magistrate erred in her findings of fact related to relator's February 13, 2013 motion for contempt, (3) the magistrate erred in her findings of fact related to the trial court's vexatious litigator status, and (4) relator has provided a set of facts and law entitling her to procedendo relief.

{¶6} With regard to the first objection that the magistrate failed to address jurisdictional issues raised in the complaint, relator generally maintains that the decree never became a final appealable order because she filed a Civ.R. 52 motion for findings of fact and conclusions of law with regard to the decree, and the trial court never issued any findings of fact and conclusions of law. We find this argument without merit. On August 15, 2012, relator filed with the trial court a motion for findings of fact and conclusions of law with regard to the decree. On January 9, 2013, the trial court denied the motion, finding that its 24-page decree satisfied the requirements of Civ.R. 52.

Thereafter, relator filed with this court a writ of mandamus, though more properly termed a writ of procedendo, seeking an order from this court requiring the trial court to issue findings of fact and conclusions of law. In a June 6, 2013 memorandum decision, we denied relator's writ of mandamus/procedendo, finding the decree satisfied Civ.R. 52. *See Askin v. Judge Kim A. Browne*, 10th Dist. No. 12AP-1068 (June 6, 2013) (memorandum decision). Thus, this court has already addressed the issue and res judicata applies. *See Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62 (1990) (res judicata bars litigation of all claims that were litigated in a prior action). We also note that relator never perfected an appeal of the decree or the court's January 9, 2013 denial of her motion for findings of fact and conclusions of law. For all these reasons, relator's first objection is overruled.

{¶7} Relator argues in her second objection that the magistrate's findings of fact relating to her February 13, 2013 motion for contempt were deficient because they did not focus on two of the remand instructions from *Askin I*, that the trial court (1) serve relator with proper notice of a hearing to be held on respondent's February 13, 2013 motion for contempt, and (2) hold a hearing on the February 13, 2013 motion for contempt. Relator maintains that the magistrate's 12th, 14th, and 15th findings of fact are false and misleading.

{¶8} Relator does not explain precisely how these findings of fact are false or misleading, but we do find some confusion with regard to the magistrate's 12th finding of fact. The magistrate's 12th finding of fact indicates that, on May 23, 2014, a motion for continuance signed by relator was issued, and the contempt hearing was reset for November 19, 2014. Our review of the record reveals that the trial court granted two motions for continuance on May 23, 2014. One continuance ("first continuance") reflects generally what the magistrate describes in her 12th finding of fact. However, it appears that this first continuance was not for a continuance of the contempt hearing at issue here. Instead, it appears that this first continuance actually refers to a May 2, 2014 motion for sanctions that was scheduled to be heard on the same day as the contempt hearing, May 23, 2014. It is the other continuance ("second continuance"), filed on May 23, 2014, that appears to refer to the continuance of the contempt hearing, and this second continuance set the hearing date for September 2, 2014. Complicating the matter,

this second continuance incorrectly refers to an unrelated December 11, 2012 motion, instead of the February 13, 2013 motion for contempt at issue here. Counsel for relator's husband in the underlying divorce action acknowledged this "scrivener's error" in the second continuance in several subsequent pleadings. Thus, although relator does not explain whether this issue is the basis for her objection, it appears that the magistrate's finding that the first continuance related to the February 13, 2013 contempt motion was incorrect. It was actually the second motion for continuance that was referring to the contempt motion. Although this factual error caused no prejudice and is understandable because of the confusing nature of the underlying proceedings and the large volume of filings by relator, we modify the magistrate's decision to reflect the above facts.

{¶9} The magistrate's 14th finding of fact indicates that, on June 11, 2014, a corrected motion for continuance was filed, setting a new trial date on the motion for contempt to September 2, 2014. The trial court did, in fact, issue a corrected motion for continuance on June 11, 2014, which indicated that it related to the February 13, 2013 motion for contempt, as well as other motions, and it set the new hearing date for September 2, 2014. Thus, the magistrate's 14th finding of fact is correct.

{¶10} The magistrate's 15th finding of fact of error indicates that, on June 13, 2014, notice of the new September 2, 2014 hearing date was sent by certified mail to relator. Our review of the record reveals that the clerk of courts did, in fact, issue instructions for service of the June 11, 2014 corrected motion for continuance on June 13, 2014, as well as the two May 23, 2014 motions for continuance; thus, the magistrate's 15th finding was accurate.

{¶11} Although not specifically raised by relator, the record also reveals that certified service of the June 11, 2014 corrected motion for continuance, as well as the other motions, failed. However, a September 9, 2014 personal service return indicates that relator was personally served with the "CONTEMPT W/ CONTINUANCE" on September 8, 2014. Thus, it appears that relator has now been served with notice of the contempt hearing, consistent with our remand order in *Askin I.* We also note that the record indicates the September 2, 2014 hearing on the February 13, 2013 motion for contempt (and other motions) was continued to October 21, 2014, so that relator's husband could perfect service, which he did on September 8, 2014 via personal service.

Thus, although the trial court has not yet been able to comply with our remand order in *Askin I* that the court hold a hearing on the contempt motion due to the inability to serve relator with notice of the contempt hearing, now that relator has been personally served with notice, the trial court will now proceed toward that end.  Therefore, although we modify the magistrate's decision with regard to her 12th finding of fact, as specified above, we overrule relator's second objection in all other respects.

{¶12}  Relator argues in her third objection that the magistrate erred in her findings of fact related to the trial court's vexatious litigator status.  In *Askin I*, this court remanded the matter to the trial court with instructions to dismiss appellee's March 22, 2013 motion that appellant be designated a vexatious litigator.  Relator first asserts that the magistrate erred when she found in her 16th finding of fact that respondent denied and dismissed the motion seeking to find relator to be a vexatious litigator in an entry dated June 23, 2014.  Our review of the record reveals that the magistrate's 16th finding of fact correctly reflects the action of the trial court in its June 23, 2014 judgment entry.  Relator raises several other arguments in the remainder of her third objection that assert the trial court's June 23, 2014 judgment entry did not comply with our remand instructions in *Askin I*, but we agree with the magistrate that the trial court's June 23, 2014 judgment entry is consistent with our remand instructions in *Askin I*.  Therefore, we overrule relator's third objection.

{¶13}  Relator argues in her fourth objection that she provided a set of facts and law entitling her to procedendo relief.  Relator's fourth objection is merely a general summary of her arguments contained in her first three objections.  As we have overruled her first three objections, except for the single argument under relator's second objection, we must also overrule relator's fourth objection.

{¶14}  With regard to relator's motion to certify conflict, her motion is unclear.  At various times, relator seems to suggest that a conflict exists between the magistrate's decision and the Supreme Court of Ohio's ruling in *Walker v. Doup*, 36 Ohio St.3d 229 (1988), App.R. 3 and 4, and other unspecified decisions from other courts of appeals.  Article 4, Section 3(B)(4) of the Ohio Constitution requires this court to certify the record of a case to the Supreme Court when its judgment is in conflict with a judgment pronounced on the same question by another court of appeals.  Thus, motions to certify

conflict apply only to judgments of the court and not magistrate's decisions recommending this court take a particular action. *See State v. Brown*, 2d Dist. No. 1747, 2009-Ohio-3430, ¶ 23 (an application to certify a conflict only applies to a conflict between judgments in appellate districts). If relator believes our final judgment is in conflict with a judgment of the Supreme Court or the appellate rules, her remedy is to appeal. *Bae v. Dragoo & Assoc., Inc.*, 10th Dist. No. 03AP-254, 2004-Ohio-1297, ¶ 10. Therefore, we deny relator's motion to certify conflict.

{¶15} With regard to relator's motion for a definite statement whether respondent's decree, filed August 7, 2012, is a final appealable order and relator's motion for a definite statement of whether this court has jurisdiction to consider respondent's August 7, 2012 decree, her motions are based on arguments raised in her objections, as well as a series of confusing arguments relating to whether the decree was a final appealable order. As we have already overruled relator's objections, any similar arguments relator raises in her motions are moot. Furthermore, whether the decree in the underlying action was a final appealable order is not an issue that is germane to her writ of procedendo, which is the only action currently before the court. Therefore, these motions are denied.

{¶16} After an examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections and adopt the magistrate's findings of fact and conclusions of law, with the exception as to the 12th finding of fact, as noted above. Respondent's motion to dismiss is granted, relator's request for a writ of procedendo is dismissed, and her motion to certify conflict and motions for a more definite statement are denied.

*Respondent's motion to dismiss granted;*
*relator's motions denied;*
*objections overruled and writ of procedendo dismissed.*

CONNOR and LUPER SCHUSTER, JJ., concur.

_____

## A P P E N D I X

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Linda Askin, | : | |
| Relator, | : | |
| v. | : | No. 14AP-443 |
| Judge Kim A. Browne, Franklin County Common Pleas Court Domestic Relations Division, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on July 31, 2014

---

*Linda Askin*, pro se.

*Ron O'Brien*, Prosecuting Attorney, and *A. Paul Thies*, for respondent.

---

### IN PROCEDENDO
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 17} Relator, Linda Askin, has filed this original action requesting that this court issue a writ of procedendo ordering respondent, the Honorable Kim A. Browne, judge of the Franklin County Court of Common Pleas, Domestic Relations Division ("domestic relations court"), to provide her with findings of fact concerning the judgment entry/decree of divorce ("decree of divorce") filed in the underlying domestic relations action, and further ordering respondent to comply with the December 20, 2013

judgment entry issued by this court in her appeal from the underlying domestic relations action.

<u>Findings of Fact</u>:

{¶ 18} 1. On August 7, 2012, the domestic relations court issued a decree of divorce in relator's underlying divorce action.

{¶ 19} 2. On August 15, 2012, relator filed a motion for findings of fact pursuant to Civ.R. 52.

{¶ 20} 3. On August 17, 2012, relator filed a motion for new trial.

{¶ 21} 4. On September 6, 2012, relator filed a notice of appeal from the decree of divorce in this court.

{¶ 22} 5. On September 19, 2012, this court dismissed relator's appeal because her motion for new trial was pending.

{¶ 23} 6. On October 19, 2012, the domestic relations court denied relator's motion for new trial.

{¶ 24} 7. On December 19, 2012, relator filed a mandamus action in this court asking this court to order respondent to provide her with findings of fact concerning the decree of divorce.

{¶ 25} 8. In a judgment entry filed January 9, 2013, the domestic relations court denied relator's motion for findings of fact. Specifically, the domestic relations court determined that its decree of divorce, filed August 7, 2012, satisfied the requirements of Civ.R. 52.

{¶ 26} 9. In a memorandum decision rendered June 6, 2013, this court adopted the decision of its magistrate finding the domestic relations court's 24-page decree of divorce satisfied the requirements of Civ.R. 52 and respondent was and is under no legal duty to provide relator with separate findings of fact and conclusions of law. Specifically, this court stated:

> The issue before us is whether Askin has a clear legal right to additional factual findings with respect to her decree of divorce. The issue is not whether Judge Browne made one or more mistakes in dividing up the property of the parties, especially Askin's interest in an account with the State Teachers Retirement System of Ohio. Such issues are the

> proper province of a direct appeal. When issues can be addressed through normal channels, such as a direct appeal, an extraordinary writ will not be issued. A writ of mandamus is such an extraordinary writ.
>
> Part of the problem here is that Askin tried to represent herself in her divorce case and did so badly. She arrived late for court on more than one occasion and ultimately abandoned the proceedings altogether. The trial judge can only make findings which are based on the evidence presented and when one side of a lawsuit abandons the trial completely, the trial court cannot speculate about what the evidence might have been. The judge here cannot be faulted for or be compelled to make up for Askin's failure to develop a complete factual scenario.

*State ex rel. Askin v. Judge Kim A. Browne,* 10th Dist. No. 12AP-1068, (June 6, 2013) (Memorandum Decision).

{¶27} 10. Relator's appeal from the decree of divorce proceeded through this court and this court rendered a decision on December 19, 2013. This court ordered respondent to perform three tasks: (1) serve relator with proper notice of a hearing to be held on the motion for contempt, (2) hold a hearing on the motion for contempt, and (3) dismiss the motion that relator be designated a vexatious litigator. *Askin v. Askin,* 10th Dist. No. 13AP-404, 2013-Ohio-5606.

{¶28} 11. Notice of the hearing for contempt was issued to relator on April 3, 2014 and the hearing was scheduled to occur on May 23, 2014.

{¶29} 12. On May 23, 2014, a motion for continuance, signed by relator, was issued and the hearing was reset for November 19, 2014.

{¶30} 13. On June 2, 2014, relator filed this procedendo action.

{¶31} 14. On June 11, 2014, a corrected motion for continuance was filed setting a new trial date on the motion for contempt to September 2, 2014.

{¶32} 15. On June 13, 2014, notice of the new hearing date was sent by certified mail to relator.

{¶33} 16. In a judgment entry dated June 23, 2014, respondent denied and dismissed the motion seeking to find relator to be a vexatious litigator.

{¶34} 17. On June 30, 2014, respondent filed a motion to dismiss.

{¶35} 18. On July 1, 2014, relator filed a memorandum contra respondent's motion to dismiss.

{¶36} 19. On July 10, 2014, respondent filed a reply to relator's memorandum contra.

{¶37} 20. On July 15, 2014, relator filed a motion for leave to supplement her memorandum contra.

{¶38} 21. On July 21, 2014, the magistrate granted relator's motion to supplement her memorandum contra.

{¶39} 22. The matter is currently before the magistrate on respondent's motion to dismiss.

Conclusions of Law:

{¶40} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion to dismiss.

{¶41} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶42} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶43} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.*

{¶44} An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶45} Procedendo is an order from a court of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).

{¶46} In this procedendo action, relator maintains that respondent has failed to comply with this court's December 20, 2013 judgment entry. However, as noted in the findings of fact, respondent has complied with this court's judgment entry. First, respondent has set a new hearing date regarding the motion for contempt. While no hearing has currently taken place, that is because the parties have agreed to continuances. The hearing is currently scheduled to proceed on September 2, 2014. Further, respondent did deny and dismiss the motion seeking to find relator to be a vexatious litigator.

{¶47} Relator continues to raise issues and challenge the proceedings in both the underlying divorce action, as well as in this court. As this court noted in its memorandum decision dated June 6, 2013: "Part of the problem here, is that relator tried to represent herself in her divorce case and did so badly." Relator's attempts to have respondent and/or this court reexamine the matter are improper and cannot be granted.

{¶48} Finding that respondent has indeed performed and is performing the actions which this court ordered respondent to perform in the December 20, 2013 judgment entry, the magistrate finds that relator can prove no set of facts which would

entitle her to relief and this court should grant respondent's motion and dismiss relator's procedendo action.

/S/ MAGISTRATE
STEPHANIE BISCA BROOKS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).