[Cite as *Johnson v. Johnson*, 2019-Ohio-5138.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Lori A. Johnson, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-84 |
| v. | : | (C.P.C. No. 16DR-1457) |
| Darrell L. Johnson, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 12, 2019

**On brief:** *Hillard M. Abroms*, for appellant. **Argued:** *Hillard M. Abroms.*

**On brief:** *Darrell L. Johnson*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

SADLER, J.

{¶ 1} Plaintiff-appellant, Lori A. Johnson, appeals the January 10, 2019 entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, denying appellant's Civ.R. 52 request for limited findings of fact and conclusions of law. For the following reasons, we affirm the trial court.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} The parties were married in May 2007. On April 8, 2016, appellant filed a complaint for legal separation, which included a request for temporary spousal support. Appellant filed an amended complaint for divorce on November 16, 2016, and defendant-appellee, Darrell L. Johnson, filed an answer and counterclaim for divorce in June 2016.

On July 29, 2016, on the parties' agreement, a temporary order of the magistrate ordered spousal support as follows:

> 1. * * * Effective April 8, 2016, [appellee] shall pay directly to [appellant] a total of $1,000 per month, as and for temporary spousal support. This payment * * * shall be made by the 8th day of each month. * * *
>
> * * *
>
> 4. This Order shall remain in effect pending further court order.

(July 29, 2016 Agreed Temporary Order at 1-2.)

{¶ 3} A hearing on the complaint was held before a judge on December 3, 4, and 6, 2018. A transcript of the hearing is not included in the appellate record. Following the hearing, on December 10, 2018, the trial court issued a decision, judgment entry, and decree of divorce.[1]

{¶ 4} In the divorce decree, the trial court initially found both parties' testimonies to lack credibility and then provided approximately 10 pages of findings of fact. In relevant part, the trial court set the duration of the marriage as May 13, 2007 through April 6, 2018 and made findings corresponding to the 14 factors listed in R.C. 3105.18(C)(1) relevant to spousal support.

{¶ 5} In the final orders of the divorce decree, the trial court, after considering the R.C. 3105.18(C)(1) factors, found that "after payment of the temporary spousal support ordered herein, neither party shall pay spousal support." (Dec. 10, 2018 Divorce Decree at 17.) Regarding the payment of arrearages in the temporary spousal support owed, the trial court stated:

> [Appellee] is found in contempt of court * * *. [Appellee] may purge himself of contempt by paying the attorney fee award herein and the balance owed to [appellant] for temporary orders as ordered herein by timely paying her $500 per month until paid in full as indicated below. Pursuant to this order, [appellee's] temporary spousal support obligation was to terminate as of April 7, 2018. The effective date of the order was April 8, 2016. [Appellee] owes [appellant] a total of $24,000 as and for temporary spousal support. [Appellant] testified that [appellee] paid $1200 per month from July 2016 until July 2017, which the Court calculated as $14,400.

---

[1] We will refer to the decision, judgment entry, and decree of divorce collectively as the "divorce decree."

Therefore, [appellee] owes [appellant] $9,600 of temporary spousal support.

(Dec. 10, 2018 Divorce Decree at 18.)  The divorce decree further states: "The temporary orders relative to spousal support are incorporated herein through April 7, 2018 for enforcement and determination of [appellee's] spousal support arrearages."  (Dec. 10, 2018 Divorce Decree at 19.)

{¶ 6}  On December 17, 2018, appellant filed a request for "limited findings of fact and conclusions of law" pursuant to Civ.R. 52.  (Dec. 17, 2018 Req. at 1.)  In it, appellant requested, in pertinent part, that the trial court make specific findings of fact and conclusions of law, "if necessary," relative to the trial court's finding that, "[p]ursuant to this Order, [appellee's] Temporary Spousal Support was to terminate April 7, 2018" as this finding "relates to III Contempt and Final Orders H., Motion, at page 18 of 19."  (Dec. 17, 2018 Req. at 1.)  Appellant explained:

It must be presumed that the Court was referring to the Agreed Magistrate[']s Temporary Order of July 29, 2016, wherein there was no mention of a termination date as of April 7, 2018.  Therefore, [appellant] requests this Court make a Finding of Fact explaining why the Temporary Orders were to terminate as of April 7, 2018, rather than presumably the effective date of this Court's Decision and Judgment Entry Decree of Divorce.  Alternatively, [appellant] request[s] this Court make a Finding of Fact that Temporary Spousal Support did not terminate until the filing of this Court's Decision and Judgment Entry Decree of Divorce, which would have made Temporary Spousal Support due and owing for 32 months or $32,000.00, rather than as determined by this Court to be $24,000.00.  Alternatively, [appellant] request[s] this Court to make a Finding that there is no mention of an April 7, 2018 termination in the Agreed Magistrate[']s Temporary Order, except that the Temporary Order was to remain in effect pending further Court Order.

(Dec. 17, 2018 Req. at 1-2.)

{¶ 7}  On January 10, 2019, the trial court filed an entry declining appellant's request "as a 19 page Decision and Judgment Entry **including** specific findings of fact and conclusions of law * * * issued by this Court on December 10, 2018."  (Emphasis sic.) (Jan. 10, 2019 Entry at 1.)  "[F]or purposes of notice only," the trial court referred appellant to the paragraph on page 19 of the divorce decree, which specifies the temporary orders are

incorporated into the divorce decree "through April 7, 2018" for enforcement and determination of appellant's spousal support arrearages. (Jan. 10, 2019 Entry at 1.)

{¶ 8} On February 11, 2019, appellant filed a notice of appeal from the January 10, 2019 trial court entry.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Appellant assigns the following as trial court error:

> 1. Whether the Trial Court erred as a matter of law, when it denied Appellant's timely request for limited Findings of Fact and Conclusions of Law.
>
> 2. a. Whether the Trial Court erred as a matter of law, when it arbitrarily terminated Temporary Spousal Support through April 7, 2018, rather than the date of the final hearing, December 6, 2018, pursuant to ORC 3105.171(A)(2)(b).
>
> b. Whether the Trial Court erred in determining the amount of Temporary Spousal Support arrearage based upon its arbitrary termination date of April 8, 2018, rather than the date of the final hearing.
>
> c. Whether the Trial Court failed to follow ORC 3105.171(A)(2)(b) or the litany of case law without rendering Findings of Fact and Conclusions of Law as to why April 8, 2018, a date eight months earlier than the final hearing was a more appropriate, *de facto* date for terminating the Temporary Spousal Support.

## III. LEGAL ANALYSIS

### A. Appellant's First Assignment of Error

{¶ 10} In her first assignment of error, appellant contends the trial court erred in denying appellant's timely request for limited findings of fact and conclusions of law under Civ.R. 52 in regard to the end date used by the trial court to calculate the arrearage of temporary spousal support. Civ.R. 52 states in pertinent part:

> When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the findings of fact found separately from the conclusions of law.

The purpose of findings of fact and conclusions of law is " 'to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment.' " *In re Adoption of Gibson*, 23 Ohio St.3d 170, 172 (1986), quoting *Werden v. Crawford*, 70 Ohio St.2d 122, 124 (1982).

{¶ 11}  "[A] trial court has a mandatory duty under Civ. R. 52 to issue findings of fact and conclusions of law upon request timely made." *In re Adoption of Gibson* at 173.  "A trial court's failure to comply with the requirements of Civ.R. 52 is reversible error." *Mahlerwein v. Mahlerwein*, 160 Ohio App.3d 564, 2005-Ohio-1835, ¶ 22 (4th Dist.), citing *In re Adoption of Gibson* at 172.  However, a trial court is not obligated to grant a Civ.R. 52 request where the judgment challenged already states sufficient findings of fact and conclusions of law.  *See Kelly v. Northeastern Ohio Univ. College*, 10th Dist. No. 07AP-945, 2008-Ohio-4893, ¶ 33, citing *Ferrari v. Ohio Dept. of Mental Health & Mental Retardation*, 69 Ohio App.3d 541, 545 (10th Dist.1990) (finding trial court did not err under Civ.R. 52 where the trial court's decision contained a sufficient review of the pertinent facts and statements of law to permit appellate review of all issues raised by appellant); *State ex rel. Askin v. Browne*, 10th Dist. No. 14AP-443, 2014-Ohio-4830, ¶ 6 (discussing, in context of relator's request for a writ of mandamus/procedendo, our prior finding that a trial court's denial of a Civ.R. 52 request was proper where the divorce decree already satisfied Civ.R. 52); *Berger v. Berger*, 11th Dist. No. 2017-G-0108, 2017-Ohio-9329, ¶ 45 (affirming trial court's denial of a Civ.R. 52 request where the trial court's spousal support decision on remand is sufficient for appellate review); *In re J.M.*, 4th Dist. No. 18CA3633, 2018-Ohio-5374, ¶ 46 (affirming trial court's denial of a Civ.R. 52 request where decision and record, although not ideal, formed an adequate basis for appellate review).

{¶ 12}  "[I]t is for the courts to determine whether findings and conclusions should have been provided upon a timely request or whether the trial court already issued an order which substantially complied with its obligation." *Shrock v. Mullet*, 7th Dist. No. 18 JE 0018, 2019-Ohio-2707, ¶ 59.  " 'The test for determining whether a trial court's opinion satisfies the requirements of Civ.R. 52 is whether the contents of the opinion, when considered together with other parts of the record, form an adequate basis upon which to decide the narrow legal issues presented.' " *State ex rel. Gilbert v. Cincinnati*, 125 Ohio St.3d 385, 2010-Ohio-1473, ¶ 38, quoting *Brandon/Wiant Co. v. Teamor*, 135 Ohio App.3d

417, 423 (8th Dist.1999). *McNeilan v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 10AP-472, 2011-Ohio-678, ¶ 43; *In re Z.N.T.*, 12th Dist. No. CA2018-05-035, 2019-Ohio-915, ¶ 14.

{¶ 13} Here, appellant made a timely request under Civ.R. 52 for the trial court to make findings of fact and conclusions of law regarding its statement, "[p]ursuant to this Order, [appellee's] Temporary Spousal Support was to terminate April 7, 2018." (Dec. 17, 2018 Req. at 1.) Appellant suggested the trial court had incorrectly concluded the magistrate's order itself set the specific end date of temporary spousal support of April 7, 2018 when the magistrate's order did not set an end date at all and sought explanation of why the "presumed" date of the filing of the divorce decree was not utilized as the end date for spousal support. (Dec. 17, 2018 Req. at 1.) The trial court, in denying appellant's request, concluded it had already included specific findings of fact and conclusions of law on this point. The trial court referenced its statement incorporating the temporary orders of the magistrate into the divorce decree "through April 7, 2018" for enforcement and determination of appellant's spousal support arrearages. (Jan. 10, 2019 Entry at 1.)

{¶ 14} On appeal, appellant argues the trial court arbitrarily and erroneously picked April 7, 2018 as the end date for temporary spousal support owed to her, a date that is "not tied into any material or relevant facts of any kind that would impute on the needs and obligations of the parties" and a date not advanced by appellee. (Appellant's Brief at 17.) According to appellant, because the duration of the temporary spousal support is material, "result[ing] in an $8,000 loss" to appellant, under Civ.R. 52 the trial court had a duty to issue clear findings on this "ultimate fact[]" issue when timely requested to do so. (Appellant's Brief at 17.)

{¶ 15} As a preliminary issue, the transcripts of the divorce hearing are not in the appellate record. The lack of hearing transcripts preclude us from knowing whether, under the *Gilbert* test, the divorce decree *and the record of the case* together form an adequate basis on which to decide the legal issues on appeal. "[I]t is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review." *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 19 (1988); App.R. 9(B) and 10(A). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon, and thus, as to those assigned errors, the court has no choice but to

presume the validity of the lower court's proceedings and affirm." *In re D.H. (M.H.)*, 10th Dist. No. 11AP-761, 2012-Ohio-2272, ¶ 7.  Therefore, appellant has not demonstrated the trial court committed reversible error on appeal in this regard. *State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (stating general rule that an appellant bears the burden of affirmatively demonstrating error on appeal).

{¶ 16} However, even without the transcripts, we find appellant's arguments regarding the inadequacy of the divorce decree's findings of facts and conclusions of law lack merit.  First, unlike appellant's position to the trial court, our review of the temporary magistrate's order and the divorce decree shows the divorce decree's statement that, "[p]ursuant to this Order, [appellee's] Temporary Spousal Support was to terminate April 7, 2018," does not refer to a non-existent date in the magistrate's order.  (Dec. 17, 2018 Req. at 1.)  Instead, as indicated by the trial court in its denial of appellant's request for findings of fact, that statement refers to another section of the divorce decree incorporating the magistrate's decision through that very date.  Therefore, to the extent appellant's assignment of error is based on the trial court errantly believing the magistrate's order set the April 7, 2018 date, it lacks merit.

{¶ 17} Furthermore, our review of the divorce decree and temporary magistrate's order shows the date the trial court selected as the end of the temporary spousal support arrearage was not arbitrary but was specifically coordinated with the termination date of the marriage.  The magistrate's temporary order obligated appellee to pay temporary supposal support on the 8th of each month, effective April 8, 2016, until further order of the court.  The divorce decree then set the termination date of the marriage as April 6, 2018 and incorporated the temporary spousal support order "through April 7, 2018."  (Dec. 10, 2018 Divorce Decree at 19; Jan. 10, 2019 Entry at 1.)  In other words, the divorce decree obligates appellee to pay the temporary spousal support arrearage attributed to the March 8, 2018 payment due under the temporary order—covering the period March 8 through April 7, 2018—but does not obligate appellee to pay those temporary spousal support payments that would have accrued due after the termination of marriage date (those payments due April 8, 2018 and onward).

{¶ 18} Therefore, even without resort to the transcripts, we conclude that the contents of the divorce decree were sufficiently detailed to form an adequate basis on which

appellant could challenge, on appeal, the end date for the temporary spousal support arrearage. *Gilbert*, 2010-Ohio-1473; *Kelly*, 2008-Ohio-4893. Considering all the above, we find appellant failed to demonstrate the trial court erred in denying appellant's request for limited findings of fact and conclusions of law under Civ.R. 52. *Sims* at ¶ 11 (stating general rule that an appellant bears the burden of affirmatively demonstrating error on appeal).

{¶ 19} Accordingly, we overrule appellant's first assignment of error.

**B. Appellant's Second Assignment of Error**

{¶ 20} In appellant's second assignment of error, she contends the trial court erred as a matter of law by arbitrarily terminating temporary spousal support through April 7, 2018 rather than the date of the final hearing, calculating the spousal support arrearage through that date, and not rendering findings of fact and conclusions of law in regard to the termination of spousal support under R.C. 3105.171(A)(2)(b).

{¶ 21} As a preliminary issue, it is unclear whether appellant intends this assignment of error to challenge the divorce decree itself irrespective of the trial court's judgment on her Civ.R. 52 request. Appellant did not cite the divorce decree, which in this case constituted a final, appealable order in her notice of appeal. *See Askin*, 2014-Ohio-4830, at ¶ 6 (disagreeing with relator's argument that, because she filed a Civ.R. 52 request, a divorce decree never became a final, appealable order where the divorce decree already satisfied Civ.R. 52); *Daniels-Rodgers v. Rodgers*, 10th Dist. No. 15AP-202, 2015-Ohio-1974, ¶ 7, citing *Park v. Park*, 10th Dist. No. 08AP-612, 2008-Ohio-6315 ("A decree of divorce that resolves all issues in the case and determines the action is a final appealable order.").

{¶ 22} "The purview of an appellate court is to 'review and affirm, modify, or reverse *the judgment or final order appealed*.' " (Emphasis sic.) *Taneff v. Lipka*, 10th Dist. No. 18AP-291, 2019-Ohio-887, ¶ 74, quoting App.R. 12(A)(1)(a). A notice of appeal must designate the judgment, order, or part thereof appealed from. App.R. 3(D). Because appellant did not file an appeal from the divorce decree, we will proceed to consider the second assignment of error to the extent appellant raises issues challenging the judgment

appealed: the trial court judgment denying appellant's Civ.R. 52 request.[2] For the following reasons, we find appellant's argument in this regard to either lack merit or to have been waived.

{¶ 23} First, to the extent appellant reargues that the end date for temporary spousal support selected by the trial court was "arbitrar[y]" or against the record of the case as it relates to the trial court judgment denying appellant's Civ.R. 52 request, we find this argument lacks merit. (Appellant's Brief at 18.) As provided in the first assignment of error, the end date from which to calculate the temporary spousal support arrearage stated in the divorce decree was not "arbitrar[y]" but aligned with the termination date of the marriage. (Appellant's Brief at 18.) Moreover, the lack of transcripts of the hearing hinders full review of this issue under the *Gilbert* test and, even without resort to the transcripts, the contents of the divorce decree were sufficiently detailed to form an adequate basis on which appellant could challenge, on appeal, the end date for the temporary spousal support arrearage. *Gilbert*, 2010-Ohio-1473; *Kelly*, 2008-Ohio-4893.

{¶ 24} Second, appellant additionally seems to seek, for the first time, findings of fact and conclusions of law pertaining to the termination date of the marriage itself. Specifically, appellant argues, under R.C. 3105.171(A)(2)(b),[3] the typical date for termination of marriage is the date of the final hearing or decree of divorce, and if the court decides to use an earlier date, a "*de facto* termination," then the court must consider

---

[2] We note appellant filed, after discussion at oral argument, supplemental authority with citation to *Walker v. Doup*, 36 Ohio St.3d 229 (1988), for the general proposition that, pursuant to App.R. 4(B)(2)(d), the time for filing an appeal tolls in a civil case where a party files a timely request for findings of fact and conclusions of law under Civ.R. 52. *Walker* at syllabus. *See* App.R. 4(B)(2) (addressing exceptions from usual time period and procedures for filing notice of appeal in relation to postjudgment filings such as Civ.R. 52 requests). Because the divorce decree is not before us in this case, we need not address the tolling issue.

[3] R.C. 3105.171 concerns the equitable division of marital and separate property, termed "distributive award[s]," which by definition do not include payments of spousal support. R.C. 3105.171 (A)(1). As used in R.C. 3105.171(A)(2), "[d]uring the marriage" is defined as:

> (a) Except as provided in division (A)(2)(b) of this section, the period of time from the date of the marriage through the date of the final hearing in an action for divorce or in an action for legal separation;

> (b) If the court determines that the use of either or both of the dates specified in division (A)(2)(a) of this section would be inequitable, the court may select dates that it considers equitable in determining marital property. If the court selects dates that it considers equitable in determining marital property, "during the marriage" means the period of time between those dates selected and specified by the court.

numerous factors under relevant case law.  (Emphasis sic.)   (Appellant's Brief at 20.) Appellant then circles the argument back to the temporary spousal support, stating "without Findings of Fact to support the April 7, 2018 date to terminate Temporary Spousal Support, the Trial Court abused its discretion in unilaterally choosing an earlier date than that of the final hearing."  (Appellant's Brief at 21.)

{¶ 25} "An appellant cannot change the theory of his case and present new arguments for the first time on appeal." *Quaye v. N. Mkt. Dev. Auth.*, 10th Dist. No. 15AP-1102, 2017-Ohio-7412, ¶ 28.  Because appellant did not raise R.C. 3105.171(A)(2)(b) and the termination date of the marriage to the trial court in her Civ.R. 52 request, we decline to address this issue for the first time on appeal.  *Tucker v. Leadership Academy for Math*, 10th Dist. No. 14AP-100, 2014-Ohio-3307, ¶ 20; *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 15.

{¶ 26} Accordingly, we overrule appellant's second assignment of error.

## IV.  CONCLUSION

{¶ 27} Having overruled appellant's first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

LUPER SCHUSTER and NELSON, JJ., concur.

_____