[Cite as *Franklin Univ. v. Sharpe*, 2024-Ohio-4881.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Franklin University, | : | |
| Plaintiff-Appellee, | : | No. 24AP-68 |
| | | (M.C. No. 2022CVF-37227) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Karl Sharpe, | : | |
| Defendant-Appellant, | : | |

---

D E C I S I O N

Rendered on October 8, 2024

---

**On brief:** *Robert R. Goldstein*, for appellant. **Argued:** *Robert R. Goldstein*.

---

APPEAL from the Franklin County Municipal Court

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Karl Sharpe, appeals from a judgment entry of the Franklin County Municipal Court entering judgment in favor of plaintiff-appellee, Franklin University, in the amount of $6,228.78 plus interest and costs. For the following reasons, we reverse.

**I. Facts and Procedural History**

{¶ 2} On November 14, 2022, Franklin University filed a complaint against Sharpe for breach of contract and unjust enrichment. The complaint alleged Sharpe owed Franklin University the sum of $6,228.78 plus interest for classes Sharpe enrolled in for the pursuit of college credit.

{¶ 3} The trial court conducted a trial on November 30, 2023. At the close of Franklin University's evidence, Sharpe moved for a directed verdict. The trial court granted the motion for directed verdict on the breach of contract claim but denied the motion on

the unjust enrichment claim. After the parties rested, the trial court orally announced it was finding in favor of Franklin University on the unjust enrichment claim in the amount of $6,228.78.

{¶ 4} The next day, December 1, 2023, Sharpe filed a request for findings of fact and conclusions of law pursuant to Civ.R. 52. Franklin University filed a motion of entry with a proposed order for the court. Subsequently, on January 3, 2024, the trial court issued a judgment entry stating, "Plaintiff's Motion for Summary Judgment against Defendant, Karl Sharpe, is granted." (Jgmt. Entry.) The trial court ordered Sharpe to pay Franklin University $6,228.78 plus interest and costs. The judgment entry did not contain any findings of fact or conclusions of law. Sharpe timely appeals.

## II. Assignments of Error

{¶ 5} Sharpe assigns the following two assignments of error for our review:

[I.] The Court erred in failing to provide Findings of Fact and Conclusions of Law, pursuant to Rule 52 of the Ohio Rules of Civil Procedure.

[II.] The Court erred in issuing a Judgment Entry which is against the manifest weight of the evidence.

## III. First Assignment of Error – Civ.R. 52

{¶ 6} In his first assignment of error, Sharpe argues the trial court erred in failing to comply with Civ.R. 52 when it issued judgment without providing findings of fact and conclusions of law after he timely requested the same in writing. Determining whether the trial court complied with the rules of civil procedure presents a question of law we review de novo. *Anderson v. Bright Horizons Children's Ctrs., L.L.C.*, 10th Dist. No. 20AP-291, 2022-Ohio-1031, ¶ 89, citing *Gumins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-941, 2011-Ohio-3314, ¶ 11.

{¶ 7} Civ.R. 52 provides:

When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in

which case, the court shall state in writing the findings of fact found separately from the conclusions of law.

**{¶ 8}** When a party makes a timely request for findings of fact and conclusions of law, "a trial court has a mandatory duty under Civ.R. 52 to issue findings of fact and conclusions of law." *In re Adoption of Gibson*, 23 Ohio St.3d 170, 173 (1986). Additionally, the Supreme Court of Ohio has expressly rejected the argument that a trial court's detailed decision from the bench can satisfy the requirements of Civ.R. 52 because a court speaks only through its journal. *Gibson* at 173, fn. 3 ("[a] commentary from the bench, leading up to pronouncement of a decision, is neither adequate to fulfill the requirements of Civ.R. 52, nor is it adequate to provide a disappointed party a solid basis on which to ground an appeal"). " 'A trial court's failure to comply with the requirements of Civ.R. 52 is reversible error.' " *Johnson v. Johnson*, 10th Dist. No. 19AP-84, 2019-Ohio-5138, ¶ 11, quoting *Mahlerwein v. Mahlerwein*, 160 Ohio App.3d 564, 2005-Ohio-1835, ¶ 22 (4th Dist.), citing *Gibson* at 173.

**{¶ 9}** Here, the trial court provided some brief reasoning for its decision that Franklin University had proven its claim for unjust enrichment when it made its oral announcement at the end of the trial. However, despite Sharpe's pre-judgment request in writing for findings of fact and conclusions of law, the trial court's entry did not contain any legal analysis, written findings of fact, or conclusions of law. Because the trial court failed to comply with the mandatory requirements of Civ.R. 52, we reverse the judgment and remand the matter to the trial court to issue findings of fact and conclusions of law consistent with Civ.R. 52. *Johnson* at ¶ 11; *Cochran v. Cincinnati*, 1st Dist. No. C-130031, 2013-Ohio-5138, ¶ 11 (where a party makes a pre-judgment request for Civ.R. 52 findings of fact and conclusions of law after oral announcement of a judgment and the trial court subsequently enters judgment without issuing the Civ.R. 52 findings of fact and conclusions of law, the proper remedy is to remand to the trial court with instructions to make written findings of fact and conclusions of law and to enter judgment consistent with those findings of fact and conclusions of law); *Gibson* at 173. Accordingly, we sustain Sharpe's first assignment of error.

## IV. Second Assignment of Error – Manifest Weight of the Evidence

{¶ 10} In his second assignment of error, Sharpe argues the trial court's judgment is against the manifest weight of the evidence. Through this assignment of error, Sharpe argues both that the manifest weight of the evidence did not support entering judgment in favor of Franklin University and that the trial court's judgment entry erroneously states it is granting Franklin University's motion for summary judgment when no party filed a motion for summary judgment.

{¶ 11} Because our resolution of Sharpe's first assignment of error requires reversal for the trial court to issue written findings of fact and conclusions of law in order to provide meaningful appellate review, the portion of Sharpe's second assignment of error related to the evidence supporting judgment in favor of Franklin University is moot. We agree with Sharpe, however, that the trial court erred in stating it was granting Franklin University's motion for summary judgment when the record indicates the trial court conducted a bench trial. Upon remand, the trial court should correct the judgment entry to properly reflect the proceedings that occurred in the trial court. Therefore, we sustain in part and render moot in part Sharpe's second assignment of error.

## V. Disposition

{¶ 12} Based on the foregoing reasons, the trial court erred in failing to comply with the mandatory requirements of Civ.R. 52 to provide written findings of fact and conclusions of law. The trial court additionally erred in stating it was entering judgment pursuant to a motion for summary judgment rather than judgment following a bench trial. Having sustained Sharpe's first assignment of error and part of Sharpe's second assignment of error, rendering moot the remaining portion of Sharpe's second assignment of error, we reverse the judgment of the Franklin County Municipal Court and remand the matter to that court for further proceedings consistent with this decision.

*Judgment reversed; cause remanded.*

BOGGS and LELAND, JJ., concur.

———————————